Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| IN RE:<br><br>NELSON A. HERNÁNDEZ PÉREZ<br><br>NÚMERO DE LICENCIA 10827<br><br>Recurrente | KLRA202300516 | *Revisión* procedente del Departamento de Estado, Junta Examinadora de Peritos Electricistas de Puerto Rico<br><br>Sobre: Suspensión de Licencia por Incumplimiento con el Artículo 16, Inciso (H) de la Ley 115-1976, según enmendada |
|---|---|---|

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**SENTENCIA EN RECONSIDERACIÓN**

En San Juan, Puerto Rico, a 9 de enero de 2024.

I.

El **5 de septiembre de 2023**, la Junta Examinadora le notificó al señor Hernández Pérez mediante correo postal su *Resolución* **suspendiéndole la licencia como perito electricista**. De un análisis de la *Resolución* que obra en nuestro expediente pudimos observar que, la Junta Examinadora le apercibió al señor Hernández Pérez sobre su derecho a presentar reconsideración ante la Junta Examinadora dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución. **También, al final de la *Resolución* le notificó sobre la posibilidad de revisar la resolución ante el Tribunal de Primera Instancia, Sala de San Juan, dentro del término de treinta (30) días de haberse notificado**.

Inconforme, con dicha *Resolución* el **27 de septiembre de 2023**, el señor Hernández Pérez por derecho propio le remitió

Número Identificador

SEN2024_____

mediante correo electrónico a la Junta Examinadora un documento titulado, *Moción en Solicitud para que se Deje sin Efecto Resolución por Cumplimiento con Requisito de Educación Continua para año 2021*.[1] Así las cosas, y sin que la Junta Examinadora se expresara sobre la *Moción*, **el 4 de octubre de 2023**, el señor Hernández Pérez acudió ante nos mediante *Recurso de Revisión Judicial*. Evaluado su *Recurso*, el 31 de octubre de 2023, emitimos *Sentencia* desestimando el recurso por falta de jurisdicción al ser prematuro.

Oportunamente, el 9 de noviembre de 2023, el señor Hernández Pérez instó *Solicitud de Reconsideración*. Entre otras cosas, sostuvo que, la *Resolución* no lo apercibió sobre la disponibilidad de otro proceso administrativo que fuera necesario de agotar antes de solicitar la revisión judicial. Añadió que, "*el único curso posible es recurrir al Tribunal de Apelaciones para cuestionar judicialmente la acción tomada por la Junta Examinadora… [e]s el Tribunal de Apelaciones el foro con jurisdicción para atender este asunto, conforme a la LPAU*".

Evaluada su *Solicitud de Reconsideración*, mantenemos nuestra postura en que procede *desestimar* el presente recurso por prematuro. Reconsideramos en cuanto a los fundamentos, y procedemos a esbozarlos en detalle.

II.

A.

Es axioma encumbrado y trillado que un recurso prematuro al igual que uno tardío, "sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se

---

[1] El señor Hernández Pérez sostiene en su *Solicitud de Reconsideración* presentada ante nos, que dicha *Moción* remitida por correo electrónico a la Junta Examinadora no se trató de una reconsideración *per se* a la *Resolución* del 5 de septiembre de 2023. Ello así, aduce que su intención no estuvo dirigida a interrumpir el término para acudir ante nuestra consideración ni mantenía un recurso pendiente a la evaluación ante la Junta Examinadora que convirtiera su comparecencia en prematura.

recurre".[2] Sin embargo, existe una importante diferencia en las consecuencias que acarrean. La desestimación por tardío priva fatalmente a la parte de poder presentar el recurso nuevamente, ante el mismo foro o cualquier otro. No obstante, **la desestimación de un recurso por prematuro permite que la parte que recurre pueda presentarlo nuevamente, una vez el foro apelado resuelve lo que estaba ante su consideración**.[3] Según nuestro Tribunal Supremo de Puerto Rico, prematuro es lo que ocurre antes de tiempo; en el ámbito procesal, una revisión o un recurso prematuro es aquel presentado en la secretaría de un tribunal apelativo antes de que éste tenga jurisdicción.[4]

La presentación de un recurso prematuro carece de eficacia y no produce ningún efecto jurídico, pues en ese momento o instante en el tiempo (*punctum temporis*) no ha nacido autoridad judicial o administrativa alguna para acogerlo; menos, para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa.[5] Ello explica la exigencia y necesidad de presentar un nuevo recurso (con su apéndice) y efectuar su notificación dentro del término jurisdiccional.[6]

Es sabida norma que la jurisdicción es la autoridad que tienen los foros judiciales para atender controversias con efecto vinculante para las partes, por lo que el incumplimiento con estos requisitos impide que nosotros podamos atender la controversia que se nos presenta.[7] Los tribunales estamos llamados a ser guardianes de la jurisdicción que nos autoriza entender en los méritos de un caso.[8]

---

[2] *Julia Padró, et al* v. *Vidal, S.E.*, 153 DPR 357, 366 (2001); *Rodríguez* v. *Zegarra*, 150 DPR 649, 654 (2000).

[3] Véase: *Yumac Home* v. *Empresas Masso*, 194 DPR 96, 107 (2015); *Torres Martínez* v. *Ghigliotty*, 175 DPR 83, 97-98 (2008).

[4] *Hernández* v. *Marxuach Const. Co.*, 142 DPR 492, 497 (1997).

[5] *Julia*, 153 DPR, pág. 367; *Rodríguez*, 150 DPR, pág. 654.

[6] *Padilla Falú* v. *Administración de Vivienda*, 155 DPR 183 (2001).

[7] *Pérez Soto* v. *Cantera Pérez, Inc. y otros*, 188 DPR 98 (2013); *Souffront* v. *AAA*, 164 DPR 663, 674 (2005).

[8] *Torres Alvarado* v. *Madera Atiles*, 202 DPR 495 (2019); *Carattini* v. *Collazo Systems Analysis, Inc.*, 158 DPR 345 (2003); *Vázquez* v. *ARPE*, 128 DPR 513, 537 (1991).

"Las cuestiones relativas a la jurisdicción de un tribunal son privilegiadas y como tal deben atenderse y resolverse con preferencia a cualesquiera otras".[9] Los tribunales no pueden atribuirse jurisdicción si no la tienen, ni las partes en litigio pueden otorgársela.[10]

La ausencia de jurisdicción es insubsanable.[11] Así, cuando un tribunal determina que no tiene la autoridad para atender un recurso, sólo puede así declararlo y desestimar el caso.[12] Las disposiciones reglamentarias sobre los recursos a presentarse ante este Tribunal de Apelaciones deben observarse rigurosamente.[13] Conforme a ello, la Regla 83 de nuestro Reglamento sobre desistimiento y desestimación, nos concede facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.[14]

### B.

Sabemos que el debido proceso de ley es el "derecho de toda persona a tener un proceso justo y con todas las garantías que ofrece la ley, tanto en el ámbito judicial como en el administrativo".[15] Al respecto, la Carta de Derechos de la Constitución de Puerto Rico establece que: "[n]inguna persona será privada de su libertad o propiedad sin el debido proceso de ley, ni se negará a persona alguna en Puerto Rico la igual protección de las leyes".[16]

---

[9] *Ruiz Camilo* v. *Trafon Group, Inc.,* 200 DPR 254, 267 (2018); *S.L.G. Szendrey-Ramos* v. *F. Castillo,* 169 DPR 873, 882 (2007); *Morán* v. *Martí,* 165 DPR 356, 364 (2005); *Vega et al.* v. *Telefónica,* 156 DPR 584, 595 (2002); *Pagán* v. *Alcalde Mun. de Cataño,* 143 DPR 314, 326 (1997).

[10] *Allied Management Group Inc.* v. *Oriental Bank,* 204 DPR 374 (2020); *Maldonado* v. *Junta Planificación,* 171 DPR 46, 55 (2007); *Vázquez,* 128 DPR, pág. 537.

[11] Íd. *Souffront,* 164 DPR, pág. 674.

[12] *Allied Management Group Inc.,* 204 DPR; *Caratini,* 158 DPR, pág. 356; *Vega,* 156 DPR, pág. 595.

[13] *Isleta, LLC* v. *Inversiones Isleta Marina, Inc.,* 203 DPR 585 (2019); *García Morales* v. *Mercado Rosario,* 190 DPR 632 (2014); *Soto Pino* v. *Uno Radio Group,* 189 DPR 84 (2013); *Hernández* v. *The Taco Maker,* 181 DPR 281 (2011); *Lugo* v. *Suárez,* 165 DPR 729 (2005); *Pellot* v. *Avon,* 160 DPR 125 (2003).

[14] 4 LPRA Ap. XXII-B, R. 83.

[15] *Vendrell López* v. *AEE,* 199 DPR 352, 359 (2017).

[16] Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1.

El debido proceso de ley puede manifestarse tanto en el ámbito sustantivo como en el procesal.[17] En la vertiente sustantiva, el Estado está impedido de aprobar leyes o actuar afectando los intereses de propiedad o libertad de un individuo de manera irrazonable, arbitraria o caprichosa.[18] Mientras, en el ámbito procesal, el Estado tiene la obligación de garantizar a los individuos que cualquier interferencia con sus intereses de propiedad o libertad se hará mediante un procedimiento justo y equitativo.[19]

Algunas de las garantías que conforman el debido proceso de ley y que se han reconocido en Puerto Rico son: (1) **una notificación adecuada del proceso;** (2) un procedimiento ante un juez imparcial; (3) la oportunidad de ser oído; (4) el derecho a contrainterrogar testigos y examinar la evidencia de la parte contraria; (5) la asistencia de un abogado; y (6) que la decisión se base en la evidencia presentada y admitida en el juicio.[20]

**La correcta notificación de una determinación final de una agencia administrativa es una característica imprescindible del debido proceso ley**.[21] Sólo así pueden las partes advenir en conocimiento de lo resuelto, de modo que puedan solicitar oportunamente los remedios que en derecho consideren pertinentes y que tengan a su disposición.[22] Para que una resolución u orden surta efecto, tiene que ser emitida por un foro con jurisdicción y ser además notificada a las partes. **Es a partir de la notificación que comienzan a transcurrir los términos establecidos en la resolución u orden**.[23]

---

[17] *Domínguez* v. *ELA I,* 178 DPR 1,38 (2010).

[18] *Hernández* v. *Secretario,* 164 DPR 390,394 (2005).

[19] *Calderón Otero* v. *CFSE,* 181 DPR 386, 398 (2011).

[20] *Hernández* v. *Secretario,* 164 DPR 390, 395-396 (2005); *Rivera Rodríguez & Co.* v. *Lee Stowell,* 133 DPR 881, 888-889 (1993).

[21] *Comisión Ciudadanos* v. *G.P. Real Property,* 173 DPR 998, 1014 (2008); *Rodríguez Mora* v. *García Llorens,* 147 DPR 305, 309 (P.R., 1998); *Colón Torres* v. *A.A.A.,* 143 DPR 119, 124 (1997).

[22] *Caro* v. *Cardona,* 158 DPR 592, 599 (2003).

[23] Íd., pág. 600.

El Tribunal Supremo ha expresado que una vez la Asamblea Legislativa ha concedido el derecho a la revisión judicial, el debido proceso de ley requiere que esta revisión sea efectiva, por lo que la falta de una notificación adecuada podría afectar la facultad de una parte para cuestionar la determinación dictada por el organismo administrativo, enervando así las garantías del debido proceso de ley.[24]

Además, la notificación tiene que ser adecuada para cumplir con el imperativo del debido proceso de ley, porque **una notificación insuficiente impide que comience a discurrir el término para acudir en revisión**.[25] En *Comisión Ciudadanos* v. *G.P. Real Property* se reiteró que "por imperativo del derecho a un debido proceso de ley la notificación adecuada de una determinación administrativa resguarda el derecho de las partes a cuestionar dicha determinación en el foro judicial".[26] Por consiguiente, **una notificación defectuosa en el ámbito administrativo impide que comience a decursar el término para acudir en revisión**.

C.

En el presente caso, el señor Hernández Pérez **le fue suspendida su licencia como perito electricista.** Ello así, le es de aplicación el procedimiento regido por el Artículo 16 de la Ley Núm. 115 de 1976, según enmendada. En lo concerniente dicho artículo dispone que:

> La Junta podrá denegar la concesión de una licencia y podrá, además, **suspender o revocar la concesión de la licencia** expedida de acuerdo con esta Ley, previa formulación de cargos, notificación y audiencia, a cualquier persona que:
> […]
> (h) **No haya tomado los cursos de educación continua que ofrece el Colegio de Peritos Electricistas o las instituciones acreditadas por la Junta Examinadora de Peritos Electricistas**.

---

[24] *Olivo* v. *Srio. de Hacienda*, 164 DPR 165 (2005); *Pta. Arenas Concrete Inc.* v. *J. Subastas*, 153 DPR 733 (2001); *Colón Torres*, 143 DPR, pág. 124.
[25] *Comisión Ciudadanos*, 173 DPR, pág. 1015; *IM Winner, Inc.* v. *Mun. de Guayanilla*, 151 DPR 30, 39 (2000).
[26] 151 DPR 30 (2000); *IM Winner Inc.*, 151 DPR, pág. 124.

Cuando la suspensión de la licencia proceda en virtud de los incisos (g) y (h) de esta Sección, no se requerirá la previa formulación de cargos y audiencia. En tales casos, se seguirá el siguiente procedimiento:

A más tardar el 30 de abril de cada año, el Colegio de Peritos Electricistas de Puerto Rico referirá a la Junta Examinadora, una lista con los nombres de todas las personas que no hayan pagado la cuota de colegiación a esa fecha o no hayan cumplido el número de horas de educación continua requerido a esa fecha, para que inicie el correspondiente procedimiento de suspensión de licencia. La certificación del Colegio constituirá suficiente evidencia para que la Junta tome acción sobre la suspensión de licencia, sesenta (60) días a partir de la notificación del procedimiento de suspensión si la persona querellada no acredita haber pagado la colegiación o haber tomado los cursos de educación continua. El Colegio publicará, en un periódico de circulación general diaria, los nombres de las personas que referirá a la Junta Examinadora. Transcurridos quince (15) días a partir de la publicación, le notificará a dichas personas por correo certificado que su caso ha sido referido a la Junta Examinadora para que inicie el correspondiente procedimiento de suspensión de licencia. La Junta Examinadora suministrará al Colegio los nombres de las personas que haya admitido o admita al ejercicio de la profesión de perito electricista. Asimismo, el Colegio informará a la Junta Examinadora del deceso de cualquier perito electricista colegiado, en un término de no más de noventa (90) días, a partir de la notificación de su fallecimiento.

Reinstalación:

Cualquier persona a quien se le haya suspendido la licencia por falta de pago de la cuota de colegiación o por no haber tomado los cursos de Educación Continua podrá solicitar por escrito a la Junta su reinstalación dentro de un año a partir de la cancelación de su licencia, y además, de acreditar el pago de la colegiación y/o de haber tomado los cursos de Educación Continua. Pagará los derechos que establezca el Departamento de Estado mediante reglamento en virtud de la Ley Núm. 41 de 5 de agosto de 1991. La Junta no podrá reinstalar la licencia a dicha persona por más de una ocasión. Después de transcurrido un año de la suspensión de la licencia no se podrá reinstalar la licencia y el interesado tendrá que solicitar una nueva licencia y someterse al examen de reválida. **El procedimiento de revisión judicial estará en armonía con las disposiciones de la Ley de Procedimiento Administrativo Uniforme, Núm. 170 de 12 de agosto de 1988, según enmendada**.[27]

De un análisis de la Ley Núm. 115-1976, podemos concluir que en los procesos donde surge una **suspensión de licencia, como**

---

[27] 20 LPRA § 2715.

**sucedió en el presente caso,** le es de aplicación el Art. 16 de dicha Ley. Al respecto, **la persona afectada podrá acudir en revisión judicial según el proceso establecido en la Ley Núm. 38 de 30 de junio de 2017**, según enmendada, *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU).[28]

Sin embargo, **la *Resolución* de la que recurre el señor Hernández Pérez le apercibió erróneamente que podía acudir en revisión al Tribunal de Primera Instancia, Sala de San Juan, dentro del término de treinta (30) días después de haber sido notificado.** Su error estribó, en apercibir al señor Hernández Pérez sobre el proceso de revisión judicial según el Artículo 15 de la Ley Núm. 115-1976, que atiende las **denegatorias de licencia y no de suspensión de licencia**. Dicho artículo prescribe lo siguiente:

> La Junta podrá **denegar la concesión de una licencia** previa notificación y audiencia a cualquier persona que:
> (a) Trate de obtener una licencia mediante fraude o engaño.
> (b) No reúna los requisitos para obtener una licencia de acuerdo a lo dispuesto en esta ley.
> (c) Haya sido declarada incapacitada mentalmente por un tribunal competente; se estableciera ante la Junta mediante peritaje médico su incapacidad; Disponiéndose, que la licencia podrá otorgarse tan pronto la persona sea declarada nuevamente capacitada y si reúne los demás requisitos dispuestos en esta ley.
> **Las resoluciones tomadas por la Junta en estos casos, podrán ser revisadas por el Tribunal de Primera Instancia, Sala de San Juan, dentro del término de treinta (30) días de haberse notificado la decisión a la persona concernida.**[29]

Tratándose de un proceso de suspensión de licencia, la Junta Examinadora no debía apercibirle al señor Hernández Pérez sobre el procedimiento establecido en el Artículo 15 de la Ley 115-1976. Toda vez que, **la notificación insuficiente impide que comience a discurrir el término para acudir en revisión,** el presente recurso es prematuro.

---

[28] 3 LPRA § 9601 *et seq.*
[29] 20 LPRA § 2714.

### III.

Por los fundamentos antes expuestos, declaramos "No Ha Lugar" la *Solicitud de Reconsideración* instada por el señor Hernández Pérez. *Modificamos,* sin embargo, nuestro dictamen desestimatorio, concluyendo que la notificación emitida por la Junta Examinadora fue defectuosa. Devolvemos el caso a la Junta Examinadora para que emita una nueva *Resolución* que cumpla con el debido proceso de ley.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones